UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CARLOS GORGE ROJAS-HIMELIZ,                         PLAINTIFF
JR.

V.                                    CIVIL ACTION NO. 3:25-CV-47-KHJ-MTP

HOG SLAT, INC., et al.                              DEDENDANTS

ORDER

Before the Court is Defendants Hog Slat, Inc. and ACE American Insurance

Company's (collectively, "Defendants") [5] Motion to Dismiss. For the reasons stated

below, the Court denies the [5] Motion without prejudice.

I.      Background

This case stems from a 2016 catastrophic work-related injury. Compl. [1] ¶ 7.

As a result of this injury, Plaintiff Carlos Gorge Rojas-Himeliz, Jr. ("Rojas")

"suffered a traumatic brain injury and cervical spine injuries that have resulted in

complete quadriplegia." *Id.* ¶ 8. The Mississippi Workers' Compensation

Commission ("the Commission") determined that Rojas was entitled to "permanent,

total disability benefits" from his employer (Hog Slat, Inc.) and his employer's

workers' compensation insurance carrier (ACE American Insurance Company). *Id.*

¶¶ 11–13.

Defendants started paying Rojas's rent at Holiday Chateau Ridgeland

("Chateau Ridgeland") but failed to provide timely payments several times and

eventually fell thousands of dollars behind on rent. *Id.* ¶¶ 14–19. Three legal actions

resulted from this situation: the original workers' compensation action filed before the Commission, an eviction action filed by Chateau Ridgeland in state court, and this case. Defs' Reply [10] at 1–2.

Here, Rojas claims Defendants breached their insurance contract to which Rojas was a third-party beneficiary and breached the duty of good faith and fair dealing. [1] ¶¶ 23–26. Defendants move to dismiss, arguing that Rojas failed to exhaust his administrative remedies. [5] at 2.

## II.    Standard

In reviewing a motion under Federal Rule of Civil Procedure 12(b)(6), "the central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008) (citation modified). A valid claim for relief contains "sufficient factual matter, accepted as true," giving the claim "facial plausibility" and allowing "the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007)). The plausibility standard does not ask for a probability of unlawful conduct but does require more than a "sheer possibility." *Id.*

Rule 12(b)(6) dismissal may be appropriate where a plaintiff has failed to exhaust his administrative remedies. *Taylor v. U.S. Treasury Dep't*, 127 F.3d 470, 478 n.8 (5th Cir. 1997) (per curiam). *See also Wells v. York Risk Servs. Grp., Inc.*,

No. 1:19-CV-914, 2020 WL 1678253, at *1 (S.D. Miss. Apr. 6, 2020) (applying rule to Mississippi Workers' Compensation Act action).

III.    Analysis

The Court denies the [5] Motion to Dismiss because Defendants' exhaustion argument is moot in part and unclear in part. As both sides have acknowledged, there have been "significant developments" and "a flurry of activity in the three separate proceedings related to [Rojas's] housing" since Defendants filed their [5] Motion. Pl.'s Suppl. Mem. Opp'n. [13] at 1; Defs.' Suppl. Reply [15] at 1. Because of these recent developments and a lack of clarity in the briefing, the Court cannot determine whether Rojas has exhausted his administrative remedies.

First, Defendants argue that Rojas failed to exhaust his administrative remedies because motions are still pending before the Commission. [5] at 2. Defendants mention two motions filed before the Commission—Rojas's Motion to Compel and Defendants' Request for Resolution of Dispute. Defs.' Mem. Supp. [6] at 2; [15] at 2. They argue that the Court cannot hear this case while these motions are pending. [10] at 2; [15] at 4. But neither motion is still pending before the Commission[1]. So this argument is moot.

Second, Defendants raise other exhaustion arguments, but the Court lacks sufficient information to rule on them. Defendants seem to argue that Rojas has not exhausted his administrative remedies because the Commission has not determined

---

[1] Rojas withdrew his Motion to Compel. [13] at 2; [15] at 2. And the Commission disposed of Defendants' Request for Resolution of Dispute by explaining that it "is not the appropriate mechanism" for resolving the parties' dispute. [19-1] at 1.

that Rojas's rent at Chateau Ridgeland is medically necessary. *See* [15] at 3. Because this is a diversity case, the Court turns to Mississippi law to determine whether Rojas has exhausted his administrative remedies. See *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938) (explaining that federal courts sitting in diversity jurisdiction must apply the forum state's substantive law).

The Mississippi Supreme Court has held that before "instituting a bad-faith action for failure to pay benefits pursuant to the Workers' Compensation Act," workers' compensation claimants must exhaust their administrative remedies by "obtain[ing] a final judgment from the Commission." *Harper v. Cal-Maine Foods, Inc.*, 43 So. 3d 401, 403 (Miss. 2010) (citation modified). Rojas claims there has been a "final order" from the Commission requiring Defendants "to provide reasonable and necessary medical care" to Rojas. [1] ¶ 13. He provides a copy of the Commission's order in his [7] Response. [7-1].

But Defendants claim there has not been "any decision about whether the services provided by Chateau Ridgeland constitute medical services covered by Workers' Compensation Law." [15] at 3. In other words, Defendants briefly suggest that Rojas failed to exhaust his administrative remedies because the Commission has not explicitly determined whether Defendants must pay Rojas's rent at Chateau Ridgeland. But Defendants fail to sufficiently explain the basis for their argument that the Commission's [7-1] Order does not address "whether the services provided by Chateau Ridgeland constitute medical services covered by Workers' Compensation Law." [15] at 3. Therefore, the Court cannot address this argument.

IV.    Conclusion

For the reasons stated above, the Court DENIES Defendants' [5] Motion to Dismiss without prejudice. If Defendants wish to renew their motion to dismiss, the Court advises them to explain the basis for their arguments and identify what actions still must be taken for Rojas to exhaust his administrative remedies.

SO ORDERED, this 12th day of September, 2025.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE